UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IMPAQ WAREHOUSE LENDING GROUP,
INC.,

        Plaintiff,

v.                                                Case No.   2:04-cv-426-FtM-33SPC

DOMENICO REALI; ANNA REALI,

        Defendants.

_____

**ORDER**

This matter comes before the Court on Defendants' Amended Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #41) and Supporting Memorandum of Law (Doc. #42) filed on January 24, 2005. The Motion is opposed (Doc. #47). For the reasons stated herein, the motion to dismiss is denied.

### I. Background

On or about April 20, 2000, Impaq allegedly issued a loan to General Mortgage Corporation of America d/b/a The Loan Outlet ("GMCA"), a Georgia corporation authorized to do business in Florida. (Doc. #1 at ¶2.) Impaq submits that the Realis guaranteed the loan through a "Continuing Guarantee" "Guarantee"). (Doc. #1 at ¶2.) Pursuant to the Guarantee, Impaq now alleges that the Realis are liable on GMCA's debt owed Impaq.

(Doc. #1 at ¶3.)

At the core of the dispute is the authenticity of the Guarantee. Impaq alleges the Guarantee is valid (Doc. #47 at ¶2), while the Realis contend the Guarantee is a forgery (Doc. #42 at ¶2). The Realis -resting on their forgery allegation- claim that since they did not execute the Guarantee the Court cannot use this act as a basis to assert jurisdiction. (Doc. #42 at ¶6.) Continuing, the Realis submit that even if the Guarantee were not a forgery the Court still lacks jurisdiction under Florida's long-arm statute -Fla. Stat. §48.193. (Doc. #42 at ¶¶8-10.) Further, the Realis claim that the Court's assertion of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. (Doc. #42 at ¶¶12-14.)

Countering, Impaq claims that pursuant to Fla. Stat. §48.193(1)(a) and (2), the Court may properly assert jurisdiction over the Realis. (Doc. #1 at ¶2.) Impaq also alleges that the Realis' Florida contacts are sufficient to satisfy the Due Process Clause of the Fourteenth Amendment. (Doc. #47 at ¶¶15-16.)

## II. Standard of Review

Absent an evidentiary hearing on the motion to dismiss for lack of personal jurisdiction, the plaintiff is required to establish a prima facie case of personal jurisdiction over the defendant. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988)(citing Delong Equip. Co. v. Washington Mills Abrasive Co.,

840 F.2d 843, 845 (11th Cir. 1988); Bracewell v. Nicholson Air Services, Inc., 748 F.2d 1499, 1504 (11th Cir. 1984)). To establish a prima facie case, the plaintiff must present sufficient evidence to withstand a motion for directed verdict. Id. In considering the evidence, if the facts alleged in the complaint are unchallenged, the court must accept those facts as true. Id. If the defendant challenges the alleged facts, the court must construe all reasonable inferences in favor of the plaintiff. Id.

To determine personal jurisdiction, the court must engage in a two-prong analysis. Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 847 (11th Cir. 1988). First, jurisdiction must be proper under the state long-arm statute. Id. If jurisdiction is proper under the state long-arm statute, next the court must determine whether sufficient contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment. Id. Once both prongs are satisfied, the court may properly assert jurisdiction over the defendant.

### III. Analysis

In conducting its analysis the Court must construe all reasonable inferences in favor of the plaintiff. After examining the allegations in the light most favorable to the plaintiff, the Court must then determine if the plaintiff has submitted sufficient evidence to withstand a directed verdict. Here, the Court finds that Impaq has presented sufficient evidence to

withstand a directed verdict on the issue of personal jurisdiction.

Impaq's evidence includes but is not limited to: (1) a notarized personal guarantee -the Guarantee- bearing the Realis' signatures (Doc. #47, Ex. A.); (2) An affidavit submitted by Jill Crouch -the notary who allegedly notarized the Guarantee- that she validly notarized the Guarantee (Doc. #47, Ex. I.); (3) A deposition by Agostino Reali -the Realis' son. (Doc. #47, Ex. E.) In his deposition, Agostino Reali asserts that the Realis signed the Guarantee. Further, Agostino Reali asserts additional connections between the Realis and GMCA; and (4) A document filed with Florida's Secretary of State, listing the Realis as directors of GMCA. (Doc. #47, Ex. C.)

The Realis deny any connection to GMCA's Florida dealings. Moreover, the Realis deny any connection to GMCA whatsoever. (Doc. #42 at ¶6.) In fact, the Realis assert that their sole connection to Florida were some short vacations in the state. (Doc. #42 at ¶¶2-3.) However, the Court must view the evidence in the light most favorable to Impaq. Doing so, the Court finds that Impaq has submitted sufficient evidence to withstand a directed verdict on the issue of personal jurisdiction.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Amended Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #41) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 15th day of August 2005.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record